IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cavallo Chartering NV, | § |
| Plaintiff, | § CIVIL ACTION _____ |
| vs. | § IN ADMIRALTY, Rule 9(h) |
| Eusider SpA, | § |
| Defendant, | § |
| and | § |
| Nucor Steel Auburn Sales Corporation, | § |
| Nucor Building Systems Sales Corporation, | § |
| Nucor Cold Finish Wisconsin, Inc., | § |
| Nucor Steel SC Properties, LLC, | § |
| Garnishees. | § |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Cavallo Chartering NV ("Cavallo") brings this action against Eusider SpA ("Eusider") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Cavallo further brings this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, 8 because it involves a maritime transaction (charter party) and Cavallo hereby demands security for arbitration

28287860.1

proceedings proceeding in London (the "London Arbitration"), pursuant to the charter party terms.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Cavallo is a corporation organized under the laws of Belgium and at all times relevant to this action the owner of the M/V MILTIADES II (herein, the "Vessel"). Cavallo chartered the Vessel to Eusider pursuant to a charter party agreement dated February 3, 2020 (the Charter party").

6. Eusider is a corporation organized under the laws of the Italy, and chartered the Vessel from Cavallo. Eusider, as detailed herein, wrongfully has breached the Charter party and failed or refused to pay Cavallo as the Charter and related documents requires.

7. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Cavallo reasonably believes hold accounts which are the property of and/or owing to Eusider. Garnishees resident agents are Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

### Facts

8. Cavallo and Eusider on February 3, 2020 entered into a Charter for the use of the Vessel for a voyage from Matanzas, Venezuela to Iskenderun, Turkey, carrying a cargo of 21,000 MT of scrap iron and thereafter agreed to related documents, requiring Eusider to pay

Cavallo under the Charter (collectively "Charter").  The Charter required that Eusider pay charter hire and other expenses associated with Eusider's Charter for the Vessel.  Eusider has breached the Charter in a series of ways.

9. The Charter provided for a laycan of February 5-10, 2020.  The Vessel arrived at Matanzas on February 6, 2020.  On February 6 or February 7, 2020, Eusider cancelled the Charter.

10. Eusider cancelled the Charter, purportedly for force majeure reasons but in reality because Eusider had no cargo to load on board the Vessel which was a wrongful breach and repudiation of the Charter.

11. Cavallo promptly accepted the repudiation of the Charter, bringing the Charter to an end, and has sought to mitigate its damages.

12. Nevertheless, Cavallo has suffered substantial damages as a result of Eusider's breach of the Charter, as further detailed below.

13. As a result of the COVID-19 pandemic and its economic impact, Cavallo found it difficult to obtain an alternative charter for the Vessel.  After a number of substitute charters fell through, Eusider finally managed to charter the Vessel from Recalada to Makassar, Indonesia.  However, delivery for loading at Recalada under that Charter only took place on March 23, 2020.  Cavallo estimates that had the Charter with Eusider been performed the Vessel would have been unloaded of cargo at Iskenderun on March 8, 2020.  As a result, due to Eusider's breach, Cavallo incurred the cost of the ballast voyage to the Orinoco in the amount of $66,482.

14. Further, Cavallo suffered lost profits in the amount of $178,380 on the Charter with Eusider because there was no income from any substitute charter to offset Cavallo's lost profit.

15. Although Cavallo had expected to earn a profit on the substitute charter of

$139,297 (as shown on the attached spreadsheet), as a result of heavy weather and delays Cavallo, in fact, suffered a loss of $80,236.

16. The Vessel had to bunker at Fortaleza en route to Orinoco. The cost of those bunkers was $35,500. Cavallo incurred the cost of the ballast for the voyage to Recalada in the amount of $334,112.

17. Alternatively, Cavallo claims the lost daily profit between departing Iskenderun around March 8, 2020 until March 23, 2020 when the Vessel began earning again under the substitute Charter. Cavallo estimates that it ought to have been able to charter the Vessel at a time charter or time charter-equivalent rate of around $11,300/day out of Iskenderun. The hire they paid under their head charter during this period was $8,500/day. As a result, Cavallo claims lost profits during that 15-day period of $42,000.

18. Since the Vessel was free of cargo under the substitute charter in Indonesia, a very unattractive area for cargoes, Cavallo initially anticipated suffering a substantial loss repositioning the Vessel back to Europe (where she would have been had the Respondents performed under the Charter) of at least $351,184 after completion of the substitute charter. However, Cavallo, in fact, negotiated the early redelivery of the Vessel and a redelivery bonus of $191,893.22.

20. Cavallo therefore demands security in its arbitration for a total sum of $886,104.00 and further amounts as demanded below.

## Count I – Breach of Maritime Contract

21. Cavallo incorporates the above paragraphs as if fully set forth herein.

22. Eusider breached its maritime contract with Cavallo as set out above. Despite repeated demand, Cavallo remains unpaid.

23. Cavallo therefore demands judgment, as set out more fully below.

**Count II: Maritime Attachment and Garnishment (Rule B)**

24.     Cavallo incorporates the above paragraphs as if specifically set forth herein.

25.     Cavallo seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

26.     No security for Cavallo's claims has been posted by Eusider or anyone acting on its behalf to date.

27.     Eusider cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein.

**Prayer for Relief**

WHEREFORE, Cavallo prays:

A.      That in response to Count I, process of maritime attachment be issued to garnish and attach property of Eusider in the amount of at least **$1,186.204.07** (**$886,104.07** as detailed above, **$300,000** for arbitrators' and attorneys fees, interest and costs) in security of Cavallo's claims asserted in the Charter arbitration commenced in London, upon that amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Eusider's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Cavallo's claims, and that all persons claiming any interest in

the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

  C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

  D. That this Court award Cavallo such other and further relief that this Court deems just and proper.

           Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL**<br>*(Pro Hac Vice to be Submitted)*<br><br>*/s/ J. Stephen Simms*<br>J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Ste. 230<br>Baltimore, Maryland 21030<br>Telephone:  (410) 783-5795<br>Facsimile:  (410) 510-1789<br>jssimms@simmsshowers.com | YOUNG CONAWAY STARGATT<br>& TAYLOR LLP<br><br>*/s/ Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone:  (302) 571-6682<br>Facsimile:  (302) 576-3300<br>thouseal@ycst.com |

         *Attorneys for Cavallo Chartering NV*

Dated:  June 28, 2021

28287860.1

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers of defendants in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on June 28, 2021.
>
> */s/ J. Stephen Simms*
> J. Stephen Simms

28287860.1